965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Joseph P. WALDMAN.
 No. 92-1016.
 United States Court of Appeals, Federal Circuit.
 April 16, 1992.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Joseph P. Waldman (Waldman) appeals from the July 31, 1991 decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board), Appeal No. 90-2140, affirming the rejection of claims 3-6, in patent application Serial No. 377,769, filed July 6, 1989, entitled "Combination Container Liner Package And Dispenser,"[1] as unpatentable under 35 USC 103. We affirm.
 
 OPINION
 
 2
 Waldman challenges the PTO's determination that the appealed subject matter would have been prima facie obvious in view of the combined teachings of Panthofer (German Patent 2,424,633), Roen (U.S. Patent 4,487,318), and other references. A prima facie case of obviousness is established when the teachings from the prior art itself would appear to have suggested the claimed subject matter to a person of ordinary skill in the art. In re Rhinehart, 531 F.2d 1048, 1051, 189 USPQ 143, 147 (CCPA 1976).
 
 
 3
 Waldman concedes that the only difference between his claimed invention directed towards a package and dispenser for container liners (i.e., plastic garbage bags) and the invention disclosed in Panthofer, the primary reference cited by the Examiner, is that Waldman's "liner bag package is flexible, whereas Panthofer's is rigid." However, even assuming the liner bag package in Panthofer is rigid[2], the Examiner's rejection was also based on Roen, in combination with Panthofer, which expressly discloses a flexible bag dispensing package or receptacle. In the Summary Of The Invention section, Roen expressly states:
 
 
 4
 A receptacle encloses the bag. The receptacle may be flexible or rigid and includes at least one access opening arranged to communicate with the flap of the uppermost bag of the stack. [Emphasis ours.]
 
 
 5
 Thus, Roen established that it was known in the art that plastic bags could be dispensed from either rigid or flexible packages. As a result, the Examiner found and the Board agreed that Waldman's claimed invention would have been obvious based on the combined teachings of Panthofer and Roen. We agree.
 
 
 6
 Waldman does not deny that the references cited disclose all the elements of claim 3[3], the sole independent claim at issue, but argues that the references were improperly combined based on the Examiner's hindsight application of Waldman's claimed invention. In an attempt to support his argument, Waldman argues that neither of the references suggests his modification of placing container liners in a flexible package dispenser and that it would not be obvious to combine Panthofer with Roen because they address different problems and uses. Waldman's analysis, however, seems to lead to just the opposite conclusion that the references are related and do address similar problems and uses (i.e, they both are directed to dispenser packages for plastic bags). For example, Waldman specifically states that the two references "have in common only that they are dispenser packages and the things dispensed from them are flexible plastic bags" and that "[w]hile the bags contained with the Roen package are flexible plastic bags, they are not container liners." The gist of Waldman's argument is that the references differ because Panthofer is directed towards plastic garbage bags and Roen is directed towards plastic grocery bags. We find Waldman's argument to border on frivolous and reject it accordingly. The Examiner did not err when he combined the two references.
 
 
 7
 Once the PTO established a prima facie case of obviousness, the burden shifted to Waldman to rebut it. See In re Piasecki, 745 F.2d 1468, 1472, 223 USPQ 785, 788 (Fed.Cir.1984). Waldman attempted to rebut the PTO's prima facie showing by submitting a survey conducted by him and his wife at local supermarkets in Southern California. Waldman and his wife asked one hundred people to compare a rigid container liner dispenser package, constructed by Waldman according to his interpretation of the Panthofer disclosure, and a flexible container liner dispenser package, constructed according to the specifications in Waldman's patent application. Waldman alleges that the results of the survey establish "a strong preference for [his] invention and a strong likelihood of commercial success of the invention if it becomes commercially available."
 
 
 8
 The Board considered the survey submitted by Waldman and found that it did not warrant substantial weight when compared with the PTO's evidence of obviousness. The Board noted, among other things, that the claimed invention had never been commercialized or embodied in a commercial product. Although the survey showed that there was some preference among laymen for Waldman's flexible model of a dispenser package over the Panthofer model which Waldman interpreted as being a rigid box, the Board concluded that it did not demonstrate any meaningful showing of commercial success for the product nor outweigh the PTO's finding of obviousness. We find no error in the Board's decision and, accordingly, affirm.
 
 
 
 [1]
 This application is a continuation of application Serial No. 085,212, filed August 13, 1987, now abandoned; which is a continuation-in-part of application Serial No. 869,228, filed June 2, 1986, also abandoned
 
 
 [2]
 The Board indicated that "there is nothing in the Panthofer reference which indicates that the dispenser package therein is rigid. At best, the reference disclosure is inconclusive concerning the degree of flexibility or rigidity of the dispenser package described therein."
 
 
 [3]
 Claim 3 provides:
 
 
 [3]
 A combination container liner package and dispenser for providing a series of container liners from within a container, comprising a series of container liners made compact by causing the liners to become layered upon themselves, disposed in a flexible dispenser package substantially conformable to the inner contours of a container, the package having features for defining an opening through one side via which the container liners can be withdrawn from the package, and a bonding agent fastened to the exterior of another side of the package for removably affixing the package to an inner surface of a container in a position so that the container liners may pass from the package to line the container